UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BILLY GREEN, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No.: 1:20-cv-139 |
| WILDWOOD INVESTMENT PROPERTIES, LLC and BRAD PEPPLE, | ) |
|         Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This action seeks monetary, declaratory, and injunctive relief against Defendants, the owners, managers, and operators of the Wildwood Place Apartment Complex ("Wildwood") – a community located at 3431 Portage Blvd, Fort Wayne, Indiana 46802 -  for discriminating against Plaintiff on the basis of Familial Status in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

### II.   JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States. The Court also has jurisdiction pursuant to 42 U.S.C. §3613(a).

3. Venue is proper pursuant to 28 U.S.C. §1391 in that the claims alleged herein arose in Allen County, Indiana.

### III. PARTIES

**Billy Green**

4. Plaintiff, Billy Green, is a citizen of Indiana. At the time he filled out an application for tenancy at Wildwood, Billy had regular visitation with his 3 children, which included overnight visits every other weekend.

**Defendants**

5. Upon information and belief, Brad Pepple ("Pepple") is the owner of Wildwood Investment Properties, LLC, which does business as Wildwood Place Apartments, located at 3431 Portage Blvd, Fort Wayne, Indiana 46802.

6. Upon information and belief, Pepple makes or is responsible for the management and housing decisions with respect to who is or is not eligible to live at Wildwood.

7. Pepple was the owner at Wildwood during the times relevant to Plaintiffs' Complaint. Pepple as Owner and Manager of the Wildwood property was involved in the day-to-day management of the community and was acting within the scope of his employment making leasing decisions and management decisions on behalf of his companies in the operation and maintenance of Wildwood.

### IV. LEGAL FRAMEWORK
### A. FEDERAL LAW

8. The Fair Housing Act, 42 U.S.C. §3604 (a), provides that it is unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of . . . familial status . . . ."

9. Plaintiffs allege that Defendants have violated 42 U.S.C. §3604 (a) by refusing to rent or to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to Plaintiffs because of their familial status.

10. The Fair Housing Act, 42 U.S.C. §3604 (b), provides that it is unlawful to discriminate against any person "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . familial status,

11. Plaintiff alleges that Defendants have violated 42 U.S.C. §3604 (b) by discriminating against Plaintiff and other prospective tenants in the provision of services or facilities in connection with the rental of dwellings because of familial status.

12. The Fair Housing Act, 42 U.S.C. §3604 (c), prohibits the landlord from making, or causing to be made, any statement "with respect to the sale, or rental of a dwelling that indicates any preference, limitation, or discrimination based on … familial status…, or an intention to make any such preference, limitation, or discrimination."

13. Plaintiff alleges that Defendants violated 42 U.S.C. §3604(c) by making statements to Plaintiff with respect to the rental of dwellings that indicated preference, limitation or discrimination based on Plaintiff's or tenants' … familial status… or an intention to make such a preference, limitation, or discrimination.

14. The apartments offered for rent at Wildwood constitute dwellings within the meaning of the federal Fair Housing Act, 42 U.S.C §3602(b).

## V.   STATEMENT OF FACTS

15. Plaintiff, Billy Green, attempted to submit an application for housing at Wildwood on August 15, 2019.  While submitting his application, Green told an employee and agent of

Defendants named Monica Roberts that his 3 children, ages 11, 8, and 6, visit with him every other weekend. Monica told Green that the apartments were "not equipped for children," and she refused to accept his application until she spoke with the owner, Defendant Brad Pepple. On August 19, 2019, Green received a call from Wildwood employee and agent, Debra Wagner, advising him that she was not going to process his application, "because of the children situation." Plaintiff was told that the owner (Defendant Pepple) did not want kids tearing up things inside the apartment and outside on the grounds. A note on Green's application stated, "Too many kids."

16. On September 26, 2019, Green filed a Charge of Discrimination with the Fort Wayne Metropolitan Human Rights Commission, Case No. HU-0014-A20.

17. The Fort Wayne Metropolitan Human Rights Commission investigated the allegations, and on December 11, 2019, issued a Notification of Reasonable Cause Finding. During the Commission's investigation, Defendant Pepple made several discriminatory statements about the presence of children in his dwelling units and about his differing treatment of tenants based on the number and ages of children in the household. He stated his position that the apartment was "not suitable for families" and that having children in the complex makes a difference because "then you are going to have school busses coming in here." Defendant's employee and agent Debra Wagner told the Commission that Wildwood Place "isn't a child-oriented place to live."

## VI.  CLAIMS
### A.  FIRST CLAIM FOR RELIEF
[Fair Housing Act, 42 U.S.C. § 3601 *et seq*]

18. Plaintiff realleges and incorporates by reference each and every allegation contained in all previous paragraphs as those set forth in full herein.

19. Defendants have injured Plaintiff by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

20. Specifically, Defendants have violated the Fair Housing Act by refusing to rent to Plaintiff on the basis of familial status.

21. Defendants did the acts alleged herein maliciously, oppressively, and with the intention of hurting Plaintiffs, and with an improper and evil motive amounting to malice. Defendants acted with reckless or callous indifference and disregard to the federally protected rights of Plaintiff.  Plaintiff is thus entitled to recover punitive damages in an amount according to proof.

### B. SECOND CLAIM FOR RELIEF
### [Negligence]

22. Plaintiff realleges and incorporates by reference each and every allegation contained in all previous paragraphs as those set forth in full herein.

23. Defendants owe Plaintiff a duty to operate Wildwood in a manner that was free from unlawful discrimination and in accordance with the standards of care for the industry. Defendants negligently violated that duty.  Defendants' breach of that duty was a result of negligence, including but not limited to: a) Defendants' negligent failure to train the employees and themselves regarding the requirements of state and federal fair housing laws; b) Defendants' negligence in failure to hire persons who were familiar with the requirements of state and federal fair housing laws; and, c) Defendants negligent failure to operate Wildwood in accordance with the standard of care in the industry.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a permanent injunction prohibiting Defendants from continuing all unlawful practices complained about herein and imposing affirmative injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all other persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of national origin, race, color, disability, or familial status.

2. For a judicial declaration that Defendants discriminated against Plaintiffs on the basis of familial status.

3. For an award of compensatory, statutory, and punitive damages according to proof.

4. For reasonable attorney's fees and costs.

5. For such other and further relief as this court deems proper.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F:  317/574-3095
cclark@goodinabernathy.com
72-040

## VIII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury.

                          Respectfully submitted,

                          GOODIN ABERNATHY, LLP

                          /s/ Christopher E. Clark
                          Christopher E. Clark, #18577-29
                          *Attorney for Plaintiffs*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F: 317/574-3095
cclark@goodinabernathy.com
72-040